


UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

DAVID VEST,

                  Plaintiff,

-against-

THE CITY OF NEW YORK, DET. ERIK HIRSCH, Shield No. 3907, Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                  Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 14 3979

JOHNSON

LEVY, M.J.

Plaintiff, **DAVID VEST**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, DAVID VEST, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, CITY OF NEW YORK and its police officers, agents and/or employees presently known as DET. ERIK HIRSCH and OFFICERS "JOHN DOE" 1 through 3, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about August 31, 2013, at approximately 10:30 a.m., plaintiff DAVID VEST, was walking lawfully in the vicinity of 1128 Fulton Street in Kings County, New York.

14. At that time and place, defendant officers ordered plaintiff and two other individuals against a wall.

15. Defendants conducted a full search of the plaintiff uncovering no evidence of criminal or unlawful activity whatsoever.

16. Nevertheless, defendants placed plaintiff in handcuffs and transported him to a nearby precinct.

17. At no time on August 31, 2013 did plaintiff commit any crime or violation of law.

18. At no time on August 31, 2013 did defendants possess probable cause to arrest plaintiff.

19. At no time on August 31, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. While in police custody, plaintiff was subjected to an intrusive and invasive strip search.

21. At no time did the defendants possess the particularized suspicion necessary to justify such a search.

22. During the course of his arrest and detention, defendants uncovered plaintiff's medication.

23. Plaintiff possessed said medication pursuant to a prescription obtained from a duly licensed physician.

24. Defendants did not have probable cause to believe otherwise.

25. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

26. Specifically, defendants falsely, knowingly, and maliciously alleged that, *inter alia*, plaintiff was in possession of a controlled substance.

27. Defendants attempted to have plaintiff charged with one count of Criminal Possession of a Controlled Substance in the Seventh Degree, but the Kings County District Attorney's Office declined to prosecute that charge against the plaintiff.

28. After approximately ten hours, plaintiff was released from custody.

29. Thereafter, plaintiff attempted to retrieve the medication taken from him by the defendant officers.

30. Defendant officers refused to give plaintiff his medication and as a result he suffered adverse medical consequences including but not limited to seizure.

31. As a result of the foregoing, plaintiff DAVID VEST sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff, DAVID VEST, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. As a result of the defendants' conduct, plaintiff was subjected to an unreasonable, illegal, improper and unconstitutional search of his body.

42. As a result of the foregoing, plaintiff suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR
## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44. Plaintiff suffered an objectively serious physical condition confronting him with an urgent and foreseeable medical emergency.

45. Defendants unreasonably, recklessly, and deliberately withheld plaintiff's medication despite their knowledge of these facts.

46. Specifically, defendants withheld plaintiff's medication despite their knowledge that it was legally prescribed to him.

47. As a result of the foregoing, plaintiff suffered physical injury, specifically, seizure, along with mental anguish, shock, fright, apprehension, embarrassment, humiliation, and

deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

48. Plaintiff, DAVID VEST, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. Defendants arrested and incarcerated plaintiff, DAVID VEST, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

53. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

54. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DAVID VEST.

55. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

61. Plaintiff, DAVID VEST, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

62. On or about November 22, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

63. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on February 7, 2014.

65. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

67. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIFTH CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER N.Y. LAW

68.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

69.     As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

70.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER N.Y. LAW

71.     Plaintiff, DAVID VEST, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

72.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

73.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

74.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

75.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

76.     As a result of the aforementioned conduct, plaintiff suffered severe emotional

distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION UNDER N.Y. LAW

77. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

78. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

79. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

80. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 23, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020